# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JASON GOLDSBY, RUDY REDMOND, and KAILI TUALAU,<br><br>　　　　　Defendants. | 2:16-cr-00294-JCM-VCF<br>**REPORT AND RECOMMENDATION**<br><br>-And-<br><br>**ORDER**<br><br>MOTION TO SUPPRESS [ECF NO. 201],<br>MOTION TO SEVER [ECF NO. 202],<br>MOTIONS TO COMPEL [ECF NOS. 203 and 204] |

Before the Court are defendant Kaili Tualau's motions to suppress (ECF No. 201), to sever (ECF No. 202), and to compel (ECF No. 203 and 204). The motions are fully briefed (ECF Nos. 210, 211, 212, 213, 215, 216, 217, and 218). The motion to sever (ECF No. 202) is denied, and the motions to compel (ECF Nos. 203 and 204) are granted in part. The motion to suppress (ECF No. 201) should be denied.

**I.　　Background**

The government charged defendant Tualau and several other co-defendants in a 14-count superseding indictment. (ECF No. 73). The charges stem from alleged robberies at various EZ Pawn businesses in the Las Vegas valley during the Spring, Summer, and Fall of 2016. (ECF No. 201 at 1). Not all the co-defendants are charged in each count. (*Id*.)

1

1  Defendant Tualau states in his motion to suppress that the government alleges that on October 7,
2  2016, Tualau and one of the other co-defendants exited a stolen car and entered an EZ Pawn shop with
3  their faced concealed. (*Id*. at 201). The defendant argues that when the government obtained a warrant to
4  take a DNA-swab of the defendant to connect him to the robberies that occurred prior to October 7,
5  2016, it lacked probable cause because the affiant, Detective Beveridge, stated that he "believed" that
6  DNA found at the prior crime scenes would match DNA taken from Tualau, but he failed to articulate
7  any facts to establish probable cause to connect him to the earlier robberies. (*Id.* at 201). The
8  government argues that the warrant affidavit sets forth probable cause that Tualau was involved in EZ
9  Pawn robberies prior to October 7, 2016 because the prior robberies were carried out against the same
10 business using similar tactics. (ECF No. 210 at 1). The defendant argues in his reply that arriving in a
11 stolen car with a concealed face is not a unique modus operandi for robberies. (ECF No. 215 at 2).

12 The defendant argues in his motion to sever that he will be prejudiced in a joint trial because two
13 of his co-defendants admitted to the robbery and made statements that implicated him as being involved
14 in past robberies. (ECF No. 202 at 2). The defendant argues that a joint trial with his co-defendants will
15 violate his Sixth Amendment right to confront and cross-examine witnesses against him. (*Id.* at 4). The
16 government argues in its response that for each statement made by a non-testifying co-defendant, the
17 government may decline to use certain statements, call a witness to summarize the statement, or admit a
18 version of the statement that redacts references to other defendants, or seek a limiting instruction to the
19 jury. (ECF No. 211 at 5). The government argues that redaction of the statement is likely the most
20 appropriate curative measure in this case. (*Id.* at 6). The defendant argues in his reply that redaction
21 would be unjust because it will be obvious to the jury that the government omitted Tualau's name. (ECF
22 No. 216 at 2).

23 The defendant argues in his motion to compel regarding *Henthorn* material that he has requested
24 the personnel files of all law enforcement witnesses it intends to call at trial and for the personnel file of
25

1  Detective Rinetti, but the government has not responded. (ECF No. 203 at 2). The government argues in
2  its response that it does not yet know who it will call at trial, and that the government's obligation to
3  provide *Henthorn* material is self-executing. (ECF No. 212 at 2). The defendant argues that regardless of
4  whether the government intends to call Detective Rinetti, the defendant may call Detective Rinetti at
5  trial. (ECF No. 217 at 2).

6  The defendant argues in his motion to compel regarding *Giglio* and *Brady* material that he has
7  requested *Giglio* and *Brady* material, but the government has not responded. (ECF No. 204 at 4). The
8  defendant argues that discovery in this case has voluminous discovery and he requests that the
9  government produce *Giglio* material 30 days before trial. (*Id.*) The government states that it recognizes
10 its *Giglio* obligations, and that its *Brady* obligations are self-executing. (ECF No. 213 at 2). The
11 government argues that disclosure of *Giglio* material 30 days prior to trial is unreasonable because
12 *Giglio* information may not be discovered until a few weeks before trial. (*Id.* at 3). The defendant
13 concedes in his reply that the government is not obligated to turn over *Giglio* material regarding
14 witnesses who will not testify. (ECF No. 218 at 2). The defendant argues that there are thousands of
15 pages of discovery, which includes videos and photos regarding multiple co-defendants, so the
16 disclosure of *Giglio* material 30 days prior to trial is not unreasonable. (*Id.*)

17 **II.    Discussion**
18   **A. Motion to Suppress**
19 The Fourth Amendment provides that the "right of the people to be secure in their persons,
20 houses, papers and effects, against unreasonable searches and seizures, shall not be violated …." U.S.
21 CONST. amend. IV. "[T]he Amendment stands as an essential bulwark against arbitrary and
22 unreasonable governmental intrusion—whatever its form, whatever its purpose—upon the privacy and
23 liberty of the individual …." *United States v. Dionisio*, 410 U.S. 19, 42 (1973) (Marshall, J., dissenting).

24

25

Probable cause exists to support a search warrant when a judge finds that, "given [the totality of] the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "The United States Constitution Fourth Amendment's requirement of probable cause for the issuance of a warrant is to be applied, not according to a fixed and rigid formula, but rather in the light of the "totality of the circumstances" made known to the magistrate." *Massachusetts v. Upton*, 466 U.S. 727, 728, 104 S. Ct. 2085, 2085 (1984).

"[G]reat deference" should be given to the issuing judge's finding of probable cause. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011). Conclusions of the affiant unsupported by underlying facts cannot be used to establish probable cause. See *United States v. Cervantes*, 703 F.3d 1135, 1139–40 (9th Cir. 2012). An affidavit must recite underlying facts so that the issuing judge can draw his or her own reasonable inferences and conclusions. *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013). "The burden is on the defendant who seeks to suppress evidence obtained under a regularly issued search warrant to show the want of probable cause." *Chin Kay v. United States*, 311 F.2d 317, 321 (9th Cir. 1962).

Detective Beveridge's affidavit in support of the search warrant sets out facts regarding the EZ Pawn robberies, noting that, "[n]o other businesses were target by this group and the tactics and methods of each robbery were the same[.]" (ECF No. 201-1 at 2). The affidavit states that in past EZ Pawn robberies the suspects would arrive in a stolen car and, "[o]ne suspect would use a sledgehammer to break open the jewelry display cases while another suspect would stand guard at the front door while armed with a black semiautomatic handgun." (*Id*.) Detective Beveridge notes that in the October 7, 2016 EZ Pawn robbery Tualua arrived in a stolen car and, "Tualua used the sledgehammer to break open cases while [his co-defendant] stood guard armed with a black semi-automatic handgun." (*Id*. at 3).

1    The underlying facts in the affidavit compare the actions of Tualua with the actions of the people
2    who committed the prior EZ Pawn robberies, which would allow the issuing judge to make his or her
3    own conclusions. Under the totality of the circumstances in the affidavit, such as the fact that all the
4    targets were EZ Pawns and involved sledgehammers, and Tualua used a sledgehammer to smash jewelry
5    cases, there was a fair probability that a DNA-swab would show that Tualua's DNA would be recovered
6    in connection with the prior robberies. The issuing judge had a substantial basis for concluding that
7    probable cause existed to issue the warrant. The Court recommends denying Tualua's motion to
8    suppress.

**B. Motion to Sever**

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against him[.]" U.S. CONST. amend. VI.  Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to, "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately."  USCS Fed Rules Crim Proc R 8.  "[D]efendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991); see also *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980) ("[J]oinder is the rule rather than the exception.").  Federal Rule of Criminal Procedure 14 states that if joinder of defendants appears to prejudice a defendant or the government, the court may sever the defendants' trials. USCS Fed Rules Crim Proc R 14.  The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

The defendant seeking severance bears the burden of showing undue prejudice of such a magnitude that without severance he will be denied a fair trial. *United States v. Jenkins*, 633 F.3d 788,

5

807 (9th Cir. 2011). A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. *Bruton v. United States*, 391 U.S. 123, 123, 88 S. Ct. 1620, 1621 (1968). "[T]he admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, or powerfully implicates the defendant." *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) (internal quotation marks and citation omitted). If there is a risk of prejudice, the trial court can neutralize the risk with appropriate jury instructions, and "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Rule 14 does not require severance even if prejudice is shown; the rule leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Id.* at 538-39.

Joinder is proper under Rule 8 because the defendant and his co-defendants were indicted together regarding a series of crimes that they allegedly committed together. Judicial economy favors joinder given that the facts of the EZ Pawn robberies would be presented in both trials. The defendant has not met his burden under Rule 14 to show undue prejudice of such a magnitude that without severance he will be denied a fair trial. The government has presented multiple less drastic measures, including excluding the statements or limiting jury instructions, which would suffice to cure any risk of prejudice.

The government stated that it believes that redaction will likely be appropriate in this case. Given that there are multiple co-defendants, the defendant's argument that redaction will make it obvious that his co-defendants implicated him are unavailing because the redaction could be of any of the other co-defendant's names. The trial Court retains the discretion to tailor relief necessary if the defendant can show that the redacted statement, or any other less drastic measure, intrudes upon his Sixth Amendment rights or will not suffice to cure any risk of prejudice. If less drastic measures will not cure the prejudice, then the district judge retains the discretion to set aside or modify this order if any part of it. The Court

orders that defendant's motion to sever is denied.

### C. Motions to Compel

"The government must disclose information favorable to the defense that meets the appropriate standard of materiality." *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991). "If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation." *Id.* "The government has a duty to examine personnel files upon a defendant's request for their production." *Id.* In Henthorn, the Ninth Circuit found that the trial court erred in denying a defendant's discovery request for impeachment material contained in a testifying officer's personnel files." *Id.* The government may involve the Court, "[i]f the prosecution is uncertain about the materiality of information within its possession." *Id.* at 31. "The government's obligation to provide Henthorn material is self-executing[.]" *United States v. Correia*, 2018 WL 3416517, at 3 (D. Nev. July 9, 2018).

"[S]uppression of material evidence violate[s] due process[.]" *Giglio v. United States*, 405 U.S. 150, 150, 92 S. Ct. 763, 764 (1972). The government has an affirmative duty to disclose all evidence favorable to the defendant which is "material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Failure to provide such material will violate due process "irrespective of the good faith or bad faith of the prosecution." *Id.* "It is the government's constitutional duty under Brady to disclose exculpatory information to an accused." *United States v. Cadet*, 727 F.2d 1453, 1454 (9th Cir. 1984). The government's Brady obligation is a "self-executing responsibility on the part of the prosecutor[.]" *United States v. Pac. Gas & Elec. Co.*, 2016 WL 3185008, at 2 (N.D. Cal. 2016).

Under *Henthorn*, the government must disclose impeachment material pertaining to officers it intends to call at trial. If the personnel file of Detective Rinetti is material under *Brady,* however, the government must produce Rinetti's personnel file to the defendant, regardless of whether the government intends to call Rinetti at trial. In determining whether Detective Rinetti's personnel file is

material, the government must also consider the fact that the defendant may call Detective Rinetti at trial. The government has an affirmative duty to disclose *Brady* and *Henthorn* material, so the Court does not order disclosure. If the government is uncertain regarding whether Rinetti's personnel file, or any other *Brady* or *Henthorn* evidence is material, given the potential for voluminous discovery in this case, the Court orders that the government must submit the *Brady* and *Henthorn* information to the Court for an in-camera inspection and evaluation at least 35 days prior to trial.

Given the voluminous discovery and multiple defendants in this case, the Court finds that the defendant has demonstrated a need for early disclosure of *Giglio* material. The Court orders that the government must provide all *Giglio* material to the defendant at least 21 days prior to trial.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that defendant's motion to suppress (ECF No. 201) be DENIED.

IT IS HEREBY ORDERED that defendant's motion to sever (ECF No. 202) is DENIED.

IT IS FURTHER ORDERED that defendant's motions to compel (ECF Nos. 203 and 204) are GRANTED IN PART.

IT IS FURTHER ORDERED that if the government is uncertain regarding whether any *Brady* or *Henthorn* evidence is material, it must submit the evidence to the trial judge for an in-camera inspection and evaluation at least 35 days prior to trial.

IT IS FURTHER ORDERED that the government must provide all *Giglio* material to the defendant at least 21 days prior to trial.

DATED this 13th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE