# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JASON GOLDSBY, et al.,<br><br>Defendant(s). | Case No. 2:16-CR-294 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's order and report and recommendation ("R&R") (ECF No. 220) to which defendant Kaili Tualau ("defendant") objected (ECF No. 222), and the government responded (ECF No. 226).

Also before the court is defendant's motion to suppress (ECF No. 201). The government filed a response (ECF No. 210), to which defendant replied (ECF No. 215).

**I.  Background**

As noted in Judge Ferenbach's R&R, defendant—along with several co-defendants—was charged "in a 14-count superseding indictment . . . stem[ing] from alleged robberies at various EZ Pawn businesses in the Las Vegas valley." (ECF No. 220 at 1). Defendant filed a motion to suppress (ECF No. 201), a motion to sever (ECF No. 202), and motions to compel (ECF Nos. 203 and 204).

Upon hearing the defendant's claims, Judge Ferenbach ordered that the motion to sever (ECF No. 202) be denied and the motions to compel (ECF Nos. 203 and 204) be granted in part. (ECF No. 220 at 1). Furthermore, he recommended that the motion to suppress should be denied.

**James C. Mahan**
**U.S. District Judge**

*Id.* Defendant objected to the judge's decision regarding the motion to suppress and appealed the denial of the motion to sever, leading to the present issue before the court. (ECF No. 222 at 1).

**II.    Legal Standard**

*A.  Reconsidering a magistrate judge's order*

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----, ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

*B.  Reviewing a magistrate judge's report and recommendation*

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the

court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. However, "a district court may not reject the factual findings of a magistrate judge on a motion to suppress without conducting a *de novo* evidentiary hearing." *United States v. Ridgway*, 300 F.3d 1153, 1155 (citing *United States v. Bergera*, 512 F.2d 391, 392–94 (9th Cir. 1975)).

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

### III. Discussion

*A. Objection to the report and recommendation to deny defendant's motion to suppress*

Defendant first objects to Magistrate Judge Ferenbach's report and recommendation to deny defendant's motion to suppress. Thus, the court will "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *See* 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Whether a search warrant is supported by probable cause must be determined from the "four corners" of the affidavit. *United States v. Luong*, 470 F.3d 898, 904–05 (9th Cir. 2006). In deciding whether to issue a search warrant, the magistrate or judicial officer is required to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found on the person or at the place to be searched. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). As stated in *Gates*, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be the mere ratification of the bare conclusions of others." 462 U.S. at 239.

Here, defendant argues that a nexus is lacking between himself and the alleged *modus operandi*. (ECF No. 222 at 2). More specifically, he asserts that there is a dearth of specific facts

connecting this crime to previous crimes. *Id.* Defendant further argues that there is nothing unique that would separate this type of robbery from others. *Id.*

Magistrate Judge Ferenbach concluded that there was sufficient evidence to establish probable cause linking the defendant to the *modus operandi*. (ECF No. 220 at 5). The court agrees. Relying on the "four corners" of the affidavit provided by Detective Beveridge, the court finds that there was a fair probability that evidence of a crime would be found.

More specifically, the affidavit explained that the suspects' method of robbery would include the use of a stolen car, a sledgehammer, and an individual who would guard the scene with a black semiautomatic handgun as witnessed in previous EZ Pawn robberies. (ECF No. 220 at 4). Defendant contends that the court needs evidence "describing" the stolen vehicles used, the firearms employed, and the height/weight of the defendant and co-defendants involved in pre-October 7, 2016 robberies. (ECF No. 222 at 2). Not so. The court has enough corroboration before it to support a finding of probable cause, including evidence of past EZ Pawn robberies involving a stolen vehicle, a sledgehammer, and a watchman. (ECF No. 220 at 5). Because these means are consistent with what occurred on October 7, 2016, enough evidence was established to prove that "there was a fair probability that a DNA-swab would show that defendant's DNA would be recovered in connection with the prior robberies." *Id.* at 5. Thus, the court agrees with Magistrate Judge Ferenbach and denies defendant's motion to suppress.

*B. Objection to the order to deny defendant's motion to sever*

Next, defendant appeals Magistrate Judge Ferenbach's order denying defendant's motion to sever. The court will not disturb Magistrate Judge Ferenbach's decision unless it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a).

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately." Fed. R. Crim. P. 8. Furthermore, Rule 14 of the Federal Rules of Criminal Procedure states that if joinder of defendants appears to prejudice

1  a defendant or the government, the court may sever the defendants' trials. Fed. R. Crim. P. 14.
2  But "defendants who are indicted together in federal court should be jointly tried." *United States*
3  *v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991). Thus, "joinder is the rule rather than the
4  exception." *United States v. Armstrong,* 621 F.2d 951, 954 (9th Cir. 1980). As a result, "[t]he
5  party seeking reversal of a decision denying severance has the burden of proving 'clear,'
6  'manifest,' or 'undue' prejudice from the joint trial that the prejudice is of 'such . . . that the
7  defendant was denied a fair trial.'" <u>United States v. Conners, 825 F.2d 1384, 1391 (1987)</u> (citing
8  *United States v. Escalante*, 637 F.2d 1197, 1201 (1980)).

9  Defendant argues that the government's redaction of his name at trial will insinuate guilt,
10 given the fact that the redacted statement is the only declaration tying the defendant to the *modus*
11 *operandi*. (ECF No. 222 at 3). Furthermore, defendant asserts that his innocence will be negated
12 if severance is not granted. *Id.* at 4. On the other hand, the government claims that redaction is
13 only one of several alternatives available to presenting evidence and "a jury's acquittal of the co-
14 defendant would not require [defendant's] conviction." (ECF No. 226 at 3–4).

15 Judge Ferenbach correctly denied defendant's motion to sever. Joinder is proper because
16 pursuant to Rule 8(b) "the defendant and his co-defendants were indicted together regarding a
17 series of crimes that they allegedly committed together." (ECF No. 220 at 6). Likewise, both
18 trials will include the facts of the EZ Pawn robberies, further making joinder an appropriate
19 solution. *Id.* It is also unlikely that redacting defendant's name will implicate him given the fact
20 that multiple co-defendants were involved in this robbery. *Id.* Finally, the defendant has failed to
21 satisfy his burden of demonstrating undue prejudice under Rule 14 due to the presence of
22 alternative means to reduce such prejudice, including the use of limiting jury instructions and
23 excluding statements. *Id.*

24 Thus, Judge Ferenbach correctly analyzed the matter at hand, and his decision was not
25 clearly erroneous. The court agrees with Judge Ferenbach's ruling and denies defendant's motion
26 to sever.

27 . . .

28 . . .

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's objections to Magistrate Judge Ferenbach's order ruling on the motion to sever (ECF No. 220) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that Magistrate Judge Ferenbach's R&R be, and the same hereby is, ADOPTED in full.

IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 201) be, and the same hereby is, DENIED.

DATED February 19, 2020.

_____
UNITED STATES DISTRICT JUDGE