# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON GOLDSBY, RUDY REDMOND, KAILI TUALAU, AND BONNIE MADRIGAL, <br><br> Defendants. | 2:16-cr-00294-JCM-VCF <br><br> **ORDER** <br><br> MOTION TO RELEASE GRAND JURY TRANSCRIPT [ECF No. 259] |

Before the Court is defendant Kaili Tualau motion to release grand jury transcripts (ECF No. 259). The Court ordered the government to provide the court with the grand jury transcripts for in camera review (ECF No. 271) and the Court has reviewed the transcripts in camera. The Court denies defendant Tualau's motion to release the grand jury transcripts. (ECF No. 259).

## I.     Background

The government charged defendant and several other co-defendants in a 14-count superseding indictment. (ECF No. 73). The charges stem from alleged robberies at various EZ Pawn businesses in the Las Vegas valley between the Spring and Fall of 2016: in co-defendant Jason Goldsby's motion to suppress (ECF No. 258) he alleges that a search warrant affidavit incorrectly stated that Goldsby provided a certain phone number, ending in 7534, when pawning a stolen watch on August 1, 2016. That motion is still pending before the Court. Based on co-defendant Goldsby's motion, Tualau filed the instant motion to release "any testimony related to the pawn-ticket raised by Mr. Goldsby" so that he may determine whether the indictment in this case was "secured by materially false information." (ECF No. 259 at 2).

1

The government argues that the allegedly false statement – that Goldsby provided the 7534 number when pawning a stolen watch on August 1, 2016 – was not presented to the grand jury. (ECF No. 267 at 3). Defendant Tualau requested in his reply that the government provide the grand jury testimony in this case to the Court to verify that no misrepresentation exists. (ECF No. 269 at 2). The Court ordered the government to submit the testimony presented to the grand jury for an in-camera inspection. (ECF No. 271) The Court has reviewed the grand jury transcripts in camera.

## II. Discussion

Fed. R. Crim. P. 6 (e)(2) states grand jury proceedings must be kept secret "[u]nless these rules provide otherwise." The Court may order grand jury proceedings to be disclosed to a defendant who shows a "particularized need," that without the transcript, he would be prejudiced. *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991); *Douglas Oil of California y. Petrol Stops NW.*, 441 U.S. 211,221,223 (1979). Speculation is insufficient to constitute a particularized need. *United States v, Walczak*, 783 F.2d 852,857 (9th Cir. L986).

After reviewing the grand jury transcripts, the Court finds that the allegedly false portion of that statement – that Goldsby provided the 7534 number when pawning a stolen watch on August 1, 2016 – was not presented to the grand jury. Since the grand jury did not consider the allegedly false statement regarding the 7534 number, there is no particularized need to disclose the transcript to defendant Tualau and he will not be prejudiced by keeping the grand jury proceedings in this case secret.

ACCORDINGLY,

IT IS ORDERED that defendant Kaili Tualau's motion to release grand jury transcripts (ECF No. 259) is DENIED.

DATED this 29th day of December 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE